MOREY et al. v. SCHUSTER et al.

(Supreme Court, Special Term, Erie County. June, 1913.)

1. ATTORNEY AND CLIENT (§ 141*)—ATTORNEYS' FEES—AMOUNT ALLOWABLE.

Where plaintiffs were employed as attorneys for defendants to recover certain real property at a time when the same was practically lost, and they rendered extraordinary services with fidelity and ability which resulted in recovering the property, their compensation for such services was not limited to the amount of the taxable costs.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 347; Dec. Dig. § 141.*]

2. ATTORNEY AND CLIENT (§ 182*)—ATTORNEYS' COMPENSATION—LIEN.

Judiciary Law (Consol. Laws 1909, c. 30) § 475, providing an attorney's lien for the benefit of an attorney commencing an action or special proceeding, or serving answer containing a counterclaim, etc., is not exclusive, having special reference to an action while pending, to prevent a defendant from settling without knowledge of plaintiff's attorneys, and did not preclude an attorney who had been called into a case to recover real property, and who rendered valuable and successful services from enforcing a lien for his fees on the property recovered after litigation was disposed of.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

3. ATTORNEY AND CLIENT (§ 192*)—ATTORNEY'S LIEN—ENFORCEMENT.

Where an attorney's right to a lien is clear, he may sue in a court of equity to enforce the same and by filing a lis pendens in an action involving real property may obtain security and is not limited to an application to the court by petition.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Norris Morey and others against Casper Schuster and others. On motion of defendant Schuster for judgment on the pleadings, and dismissing the complaint. Denied.

Bartlett & Chamberlain, of Buffalo, for the motion.
Morey, Bosley & Morey, of Buffalo, opposed.

POOLEY, J. This action is brought to impress upon certain real estate, specifically described, a lien in favor of the plaintiffs for services and disbursements, in actions and proceedings by which this property was regained for these defendants, as against a judgment of foreclosure, by asserting successfully their title in summary proceedings and in ejectment, and finally by obtaining an enactment of the Legislature establishing absolute title and saving the defendants from the payment of a substantial sum of money and from a sale under default. These defendants, by answer, claim that taxable costs cover all the value of these services, but state that if worth more they are willing to pay fair compensation, but that the sum demanded is grossly excessive, and that the plaintiffs have an adequate remedy at law to collect such sum as may be determined as due them. There is therefore no question here except the value of the services and whether or not the plaintiffs have the right to maintain this action rather than to prosecute an action at law and try the issues before a court and jury, or by petition under section 475 of the Judiciary Act (Consol. Laws 1909, c. 30).

[1] In my view of it, and taking into account the extraordinary amount of work involved, the plaintiffs are certainly entitled to more than taxable costs and should be permitted to safeguard their claim by lien upon the specific property involved, otherwise these defendants might, by conveyance of the property, deprive these plaintiffs of the fruits of their labor, the payment for which depended upon their success in regaining the property. This is not the ordinary case of the attorney's right to a lien under section 475 of the Judiciary Act, which is a re-enactment of section 66 of the Code. Here the work is completed, the property has been restored and vested in these defendants after years of litigation successfully carried on by the plaintiffs, and these defendants now dispute the right of the plaintiffs to the compensation claimed by them. They have an equitable claim in this specific property, and it should attach to it of record. If the subject-matter, the "fruits of the labor and skill of the attorney," had been money or stocks or bonds which had come into the possession of the attorney for delivery to his client, there can be no doubt that a lien would attach in favor of the attorney for his fair compensation.

[2] These plaintiffs were called into this matter at a time when the property was practically lost. The task tendered to them was a recovery of it and required the work and skill of attorneys at law, and the status of attorney and client was established. If an attorney's lien is to be confined to the strict reading of section 475 of the Judiciary Law, as claimed by defendants, we would have an attorney protected upon a simple action on an account requiring no more skill than that of a beginner, while one whose experience and knowledge

of law are required to solve intricate questions in order to save large property might have no protection whatever, because he was not engaged at the *commencement* of an action or special proceeding or had not served an *answer containing a counterclaim*.

The right to a lien is older than the statute and is not dependent upon it, and the statute was not intended to limit the right but to enlarge it. The statute has reference more especially to the action while pending and to prevent a defendant from settling without the knowledge of the attorney for the plaintiff. Here the litigation is disposed of and the property absolutely in the hands of the client who declines to pay the attorney's charge. Matter of Knapp, 85 N. Y. 285; Matter of King, 168 N. Y. 53, 60 N. E. 1054; Fisher-Hansen Case, 173 N. Y. 492, 66 N. E. 395.

In Matter of King the attorneys drew the order at the conclusion of an action by a trustee to recover wrongfully hypothecated securities, directing a trust company holding them subject to the order of the court to deliver them to the trustee, sent their bill for services, and, upon refusal of the trustee to pay the bill, instituted proceedings to establish their lien while the securities were still in the hands of the trust company. This the Court of Appeals held they had the right to do, and that under section 66 of the Code, providing that "the court upon the petition of the client or attorney may determine and enforce the lien," the court not only had jurisdiction but it must either itself or by a referee determine the amount, and that the parties are not entitled to a jury trial.

[3] The right to a lien being clear, an attorney is not limited to applying to the court by petition; but, inasmuch as a court of equity always has the power to enforce liens, he may resort to an action in equity, where by filing a notice of the pendency of the action in a case where real estate is involved, as in this instance, the property, the fruit of the labor and skill of the attorney, may be retained within the powers of the court until the lien, when the amount of it is determined, can be satisfied. The lien exists, but the amount of it has not been determined. The plaintiffs have no adequate remedy at law. By bringing an action at law as for debt, the plaintiffs, if they succeeded, would be entitled to a judgment which might be rendered nugatory by conveyance or incumbrance of the property. If their claim is ultimately sustained, they are entitled now to equitable relief and are not to be put to the hazard of losing their claim, as they would be if their only remedy was by action at law.

The motion is denied, with $10 costs.